UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY A. EULITT, AND ALL PERSONS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>Defendant. | Case No.: 18-CV-2721-AJB-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; AND**<br><br>**(2) DENYING JOINT MOTION REGARDING PLAINTIFF SANDY EULITT'S REQUEST FOR MEDICAL EXTENSION AS MOOT**<br><br>**(Doc. Nos. 34, 41)** |

Before the Court is Defendant City of San Diego's ("Defendant") motion to dismiss Plaintiff Sandy Eulitt's ("Plaintiff") complaint, (Doc. No. 34), and joint motion regarding Plaintiff's request for medical extension, (Doc. No. 41). Plaintiff opposes the motion to dismiss submitted by Defendant. (Doc. No. 35.) For the reasons discussed herein, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** as moot the joint motion regarding Plaintiff's request for medical extension.

## I.  BACKGROUND

Plaintiff alleges that she and her purported class members were evicted from their trailer parks on or before July 2, 2018 as a result of San Diego Ordinance No. 2584. (Doc. No. 29 at 2–3.) The complaint alleges the following four causes of action: "(1) violation of the Equal Protection Clause; (2) violation of the Fair Housing Amendments Act of 1988 and Title II of the Americans with Disabilities Act of 1990; (3) violation of California Civil Code Section 12955; and (4) violation of San Diego Ordinance No. 20986." (*See generally* Doc. No. 29.)

On December 3, 2018, Plaintiff filed a complaint with this Court. (Doc. No. 1.) Plaintiff then filed a first amended complaint on May 5, 2019. (Doc. No. 24.) On July 15, 2019, Plaintiff filed a second amended complaint ("SAC"). (Doc. No. 29.) On July 29, 2019, Defendant filed the instant motion to dismiss. (Doc. No. 34.) Plaintiff filed an opposition. (Doc. No. 35.) This Order follows.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal

conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.  DISCUSSION

The Court will address each of Plaintiff's causes of action in turn. This case focuses on Ordinance No. 2584. Ordinance No. 2584 states that:

> It shall be unlawful for any person to remain or live in any automobile trailer in the City of San Diego for more than six (6) months in any twelve (12) month period, except that upon a showing and proof that one or more occupants of an automobile trailer are engaged in vital defense work and that there exists in the community a shortage of adequate housing facilities, additional stays of three (3) months may be granted by the Director of Public Health, such additional stays being renewable at the end of each three (3) month period upon a further and similar showing.

San Diego, Cal., Ordinance 2484 (Oct. 13, 1942).

A.  <u>Equal Protection Clause</u>

Defendant asserts that Plaintiff has failed to state a violation of the equal protection clause. Unless a statute affects a fundamental right or some protected class, courts generally accord the legislation a "strong presumption of validity" by applying a rational basis standard of review. *Heller v. Doe*, 509 U.S. 312, 319 (1993). The rational basis standard is deferential to a public entity. Courts must determine whether the classification is rationally related to legitimate governmental goals. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985).

Plaintiff contends that there is no legitimate governmental goals to explain why the population of the Santa Fe RV Park is treated differently from the population of Coastal Trailer Villa and Morena Mobile Village with regard to length of stay and why the population of RV Parks is classified differently from the general population of San Diego. (Doc. No. 35-1 at 8–10.) However, Plaintiff does not allege that Defendant was aware that

Santa Fe RV Park has an eight-month rule and made a conscious decision not to enforce the six-month rule against Santa Fe RV Park. The SAC "set[s] out no more than a failure to prosecute others because of a lack of knowledge of their prior offenses. This does not deny equal protection due petitioners under the Fourteenth Amendment." *Oyler v. Boles*, 368 U.S. 448, 456 (1962). Furthermore, even if Plaintiff did properly allege that Defendant was aware of this violation, Plaintiff has not pled that the alleged selective treatment "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir. 1996).

Plaintiff further argues that Defendant has no legitimate governmental goal for length of stay limitations in RV Parks generally. (Doc. No. 35 at 9.) Defendant asserts that there is governmental interest that aesthetics and public safety are legitimate governmental objectives. Furthermore, the government has an interest in facilitating tourism and the local economy when RV Parks are used on a short-term basis for vacation destinations. The Court agrees there is a rational basis for prohibiting long-term stays in RV Parks.

Accordingly, Plaintiff has failed to establish a violation of the equal protection clause.

B.   Fair Housing Act

Plaintiff asserts that Defendant violated the Fair Housing Act for the following two reasons: (1) Defendant revoked a reasonable accommodation that was made by Plaintiff's former landlord pursuant to 42 U.S.C. § 3604, subdivision (f)(3)(B); and (2) Defendant violated 42 U.S.C. § 3617 as it interfered, coerced, intimidated, or threatened her former landlord so that the reasonable accommodation would be revoked. (Doc. No. 35-1 at 11–13.)

42 U.S.C. § 3604, subdivision (f)(3)(B) provides: "Discrimination in sale or rental of housing and other prohibited practices: . . . (3) For purposes of this subsection, discrimination includes . . . (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford

such person equal opportunity to use and enjoy a dwelling…" First, Plaintiff fails to allege that she requested a reasonable accommodation from Defendant, accordingly she cannot state a claim against Defendant for denial of reasonable accommodation. Second, Plaintiff does not allege the length of stay she requested from her landlord. Third, Plaintiff does not allege what her specific handicap is, other than that she has a disability. (Doc. No. 29 at 4.) Plaintiff has failed to allege how allowing her to live in the RV Park indefinitely would address the needs of her disability. She simply alleges that moving takes a lot of work and that is difficult for people with disabilities. However, this six-month rule applies to everyone equally and does not allege how disabled persons are at a greater disadvantage in the housing market due to Ordinance No. 2584.

Plaintiff argued in her opposition that the basis of her Fair Housing Act claim is based on 42 U.S.C. § 3617. The Fair Housing Act makes it unlawful for any person to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. However, nowhere in her SAC does she allege that this is the basis of her claim. Furthermore, Plaintiff has failed to allege that Defendant threatened her former landlord because they had granted a reasonable accommodation to Plaintiff. The SAC fails to allege that Defendant was aware that a reasonable accommodation had been granted to Plaintiff by her former landlord. *See People Helpers, Inc. v. City of Richmond*, 789 F. Supp. 725, 732 (E.D. Va. 1992).

Accordingly, Plaintiff has failed to state a claim for a violation of the Fair Housing Act.

C.   Americans with Disabilities Act of 1990

To bring a claim under the ADA, an individual must show: "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or

discrimination was by reason of h[er] disability." *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1994) (emphasis omitted).

To establish a qualified disability under the ADA, a plaintiff must show "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 28 C.F.R. § 35.104. Here, Plaintiff's SAC fails to establish that they are, or advocate on behalf of, qualified individuals with disabilities. Plaintiff has not established any kind of mental or physical impairment. Moreover, the SAC also alleges claims by all tenants of RV Parks in San Diego, none of which Plaintiff shows to be qualified individuals. Therefore, Plaintiff's claim for violation under the ADA fails to state a claim.

In addition to failing to allege qualifying disabilities, Plaintiff fails to allege that the passing or enforcement of the Ordinance No. 2584 is a result of any discrimination. The "duty to provide reasonable accommodations under the ADA . . . arises only when a policy discriminates on the basis of disability." *Weinreich*, 114 F.3d at 978. Here, the Ordinance No. 2584 is a facially neutral regulation that is generally applicable to all people regardless of disability status. Plaintiff has provided no allegations of any discriminatory intent by Defendant when it passed the Ordinance No. 2584, or discrimination as to its enforcement.

A facially neutral program can violate the ADA, however, if it disparately impacts the disabled, *see Alexander v. Choate*, 469 U.S. 287, 299, 309 (1985), or places a disproportionate burden on the disabled, *see McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Here, Plaintiff fails to make plausible allegations that Ordinance No. 2584 does either. In the SAC, Plaintiffs provide no details as to why the Ordinance No. 2584 places a disproportionate burden on the disabled or any factual support that there is disparate impact. Although the claims are possibly true, it is improper for a court to assume "the [plaintiff] can prove facts that [she] ha[s] not alleged." *Assoc. Gen. Contractors of Cal., Inc.*, 459 U.S. at 526; *see also Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556) (holding plaintiffs must show "more than a sheer possibility that a defendant has acted

unlawfully").

Accordingly, the Court finds Plaintiff's ADA claims fail to state a claim on which the Court may grant relief.

D.   Civil Code Section 12955

Plaintiff alleges a violation of Civil Code Section 12955 based on discrimination against tenants based on source of income. (Doc. No. 35-1 at 18–22.) However, Civil Code Section 12955 only applies to the "owner of a housing accommodation." *See generally* Cal. Civ. Code § 12955. Simply, Defendant is not the owner of a housing accommodation. It is unclear to the Court how the fact that Defendant is a "law enforcement entity" over RV Parks is relevant to establish a violation of Civil Code Section 12955. (Doc. No. 35-1 at 22.) Accordingly, Plaintiff fails to establish a violation of Civil Code Section 12955.

E.   Ordinance No. 20968

Plaintiff asserts that Defendant violated Ordinance No. 20986 by sending a letter to Plaintiff's former landlord. (Doc. No. 35-1 at 23–24.) Ordinance No. 20986 states:

> It is unlawful for any person to do any of the following acts, wholly or in part, based on a person's source of income […] 1. To refuse to enter into or renew an agreement for tenancy; 2. To interrupt or terminate any tenancy; 3. To falsely represent that a rental-unit is not available for tenancy; 4. To require inclusion in the terms of an agreement for tenancy any clause, condition, or restriction; or 5. To restrict a tenant's access to facilities or services on real property associated with the tenancy, or refuse repairs or improvements to real property associated with the tenancy.

San Diego, Cal., Ordinance 20968 (Oct. 18, 2018).

Pursuant to San Diego Municipal Code section 11.0210, a "Person" is defined as "any natural person, firm, joint venture, joint stock company, partnership, association, club, company, corporation, business trust, organization, or the manager, lessee, agent, servant, officer or employee of any of them or any other entity which is recognized by law as the subject of rights and duties." Accordingly, Defendant does not fit this definition.

Furthermore, Ordinance No. 20968 applies to violations that occur on or after

August 1, 2019. Plaintiff's complaint was filed on December 3, 2018. Accordingly, Plaintiff has failed to allege a violation of Ordinance No. 20968.

F. <u>Defendant's Request to Strike Plaintiff's Supplemental Brief</u>

Defendant moves to strike Plaintiff's Supplemental Memorandum of United States as Amicus Curiae. (Doc. No. 35-2.) This amicus brief was filed in an entirely different case and is unsigned. Accordingly, the Court **GRANTS** Defendant's request to strike Plaintiff's supplemental brief.

G. <u>Joint Motion regarding Plaintiff's Request for Medical Extension</u>

The parties filed a joint motion requesting that Plaintiff not be required to take any action in this case prior to March 21, 2020. (Doc. No. 41 at 1.) March 21, 2020 has since passed as of the date of this Order. Accordingly, the Court **DENIES** the joint motion as moot.

### IV.    CONCLUSION

In light of the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and the joint motion regarding Plaintiff's request for medical extension is **DENIED** as moot. But appearing that amendment would not be futile for Plaintiff's Equal Protection Clause claim, Fair Housing Act claim, and ADA claim, the Court **GRANTS** Plaintiff leave to amend as to those claims only. Plaintiff is to file an amended complaint consistent with this order **within forty-five (45) days** of this Order, or risk having this case dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED**.

Dated: May 20, 2020

Hon. Anthony J. Battaglia
United States District Judge