UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY A. EULITT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No.: 18-cv-02721-AJB-WVG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE**<br><br>**(Doc. No. 69)** |

Before the Court is a motion for leave to proceed in forma pauperis filed by *pro se* plaintiff, Sandy A. Eulitt ("Plaintiff"). (Doc. No. 69.) The screening procedures at 28 U.S.C. § 1915(e)(2) applies to all *pro se* litigants, regardless of whether they are prisoners or not. *Andrews v. Cervantes,* 493 F.3d 1047, 1051, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005)). The ability to proceed in forma pauperis "is a privilege, rather than a right," and 28 U.S.C. § 1915 protects the taxpayer from the fraudulent or carelessly granted payment of costs at government expense. *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1996). As such, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Id.*

1

Here, Plaintiff requests a waiver of the Ninth Circuit Court of Appeals' filing fee and to proceed in forma pauperis. (Doc. No. 69 at 1.) Plaintiff asserts that she "meets the income eligibility requirements to proceed in forma pauperis" because she is a Medi-Cal recipient and received reduced employment income in 2020 and 2021 due to the pandemic and medical issues. (*Id.* at 1–2.) Plaintiff's filing and supporting documentation, however, do not state the facts of her poverty with any "particularity, definiteness and certainty." *Jefferson,* 277 F.2d at 725. For example, nowhere in her filings does she list her income, assets, and liabilities. Her generalized and unsupported contentions are not enough for the Court to meaningfully determine her indigency. Consequently, the Court finds that Plaintiff has not made an adequate showing of indigency and **DENIES** her motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2); *Jefferson*, 277 F.2d at 725 (denying motion to appeal in forma pauperis because "[n]o such certainty and definiteness, and no particularity, exists in the affidavits before us.").

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed in forma pauperis. (Doc. No. 69.) To proceed with the appeal, the Court **DIRECTS** Plaintiff to the Ninth Circuit Court of Appeal's Order dated August 26, 2021, in which she has been instructed to do the following:

> Within 21 days after the date of this [August 26] order, appellant shall pay to the US District Court the $505.00 filing and docketing fees for this appeal and file in the US Court of Appeals proof of such payment or file in the US Court of Appeals a motion to proceed in forma pauperis.

(Doc. No. 72.)

**IT IS SO ORDERED.**

Dated:  September 15, 2021

Hon. Anthony J. Battaglia
United States District Judge